# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

THOMAS S. TALBERT

           Plaintiff,

v.                                  CIVIL ACTION NO. 3:11-00290

COUNTY COMMISSION OF CABELL COUNTY,
and ASSISTANT PROSECUTOR JARA HOWARD

           Defendants.

## MEMORANDUM OPINION AND ORDER

This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and has recommended dismissal of Plaintiff's claims and denial of Defendant's motions to amend, join, and consolidate. Subsequent to the Judge Eifert's findings and recommendation, the Court put the parties on notice of the possible application of res judicata and collateral estoppel as a result of this Court's prior judgment in *Talbert v. Parsons et al.*, No. 3:06-cv-0651, 2007 WL 1847204 (S.D.W. Va. June 26, 2007) ("Talbert I").

For the reasons set forth below, Plaintiff's Motions to Amend, Join, and Consolidate (ECF Nos. 17, 18, 19, 20, 23) are **DENIED**; Defendants' Motion for Application of Res Judicata and Collateral Estoppel (ECF No. 31) is **GRANTED**.

## Background

Plaintiff was arrested for his third DUI in 2005, after having been convicted of DUI previously in 2001 and 2003. *West Virginia v. Talbert* 1, No. 101502 (W. Va. Supreme Court, April

18, 2011) (memorandum decision). Plaintiff's trial was bifurcated and he was found guilty in March 2006 of misdemeanor DUI. *Id.* A second jury determined that the Plaintiff had been convicted of two prior DUIs and had been recently convicted of a third. *Id.* This enhanced the third conviction to a felony and caused Defendant Howard, the prosecutor in Plaintiff's criminal case, to file an information charging the defendant with recidivism pursuant to West Virginia Code §61-11-18. The defendant was sentenced under the recidivism statute to life with mercy.

In 2006, Plaintiff filed a lengthy complaint arising from his 2005 arrest in which he sought monetary damages from the administrator of the Western Regional Jail, the Cabell County Commissioners, the arresting officer, the magistrate, the prosecutor, and his own court-appointed lawyers. The matter was referred to Magistrate Judge Taylor, who recommended dismissal of Plaintiff's claims. This Court adopted Judge Taylor's proposed findings and recommendations and dismissed Plaintiff's 2006 lawsuit with prejudice.[1] *Talbert I*, ECF Nos.20, 23.

In March of 2011, Plaintiff filed the current lawsuit seeking monetary damages from the Cabell County Commission and from Cabell County Assistant Prosecuting Attorney Jara Howard. *Compl*. 5, ECF No. 1-1. His suit, brought under 42 U.S.C. §1983, alleges that Defendant Howard was negligent in charging him with recidivism and that the County Commission is liable for the negligent acts of its employee. Plaintiff has since filed a number of motions to amend, consolidate and join, all of which seek to add his minor child as a plaintiff in this pro se action. Defendants have asserted collateral estoppel and res judicata and have moved to dismiss Plaintiff's claims on substantive grounds. The Court turns first to the Plaintiff's motions, then to the motions to dismiss.

---

[1] The bulk of Plaintiff's claims in *Talbert I* were dismissed in the Court's Opinion and Order of June 26, 2007. The claim against Larry Parsons, administrator of Western Regional Jail, was dismissed later after giving Plaintiff time to supplement this claim.

**Plaintiff's Motions to Amend, Join, and Consolidate**

Virtually every court confronted with the issue has determined that a parent does not have the right to proceed *pro se* on behalf of a minor child. *See*, *e.g.*, *Gallo v. United States*, 331 F. Supp. 2d 446, 447 (E.D. Va. 2004) ("courts are nearly unanimous in holding that a parent or guardian cannot sue on behalf of a minor child without securing counsel"); *Brown v. Ortho Diagnostic Sys., Inc.*, 868 F. Supp. 168 (E.D. Va. 1994); *Collinsgru v. Palmyra Bd. of Educ.*, 161 F. 3d 225 (3d Cir. 1998); *Johns v. County of San Diego*, 114 F.2d 874 (9th Cir. 1997); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153 (10th Cir. 1986). As the third circuit explained:

> A litigant in federal court has a right to act as his or her own counsel. See 28 U.S.C. § 1654 (1982).... However, we agree with *Meeker v. Kercher,* 782 F.2d 153, 154 (10th Cir.1986) (per curiam), that a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear pro se is not a true choice for minors who under state law, see Fed. R. Civ. P. 1(b), cannot determine their own legal actions. There is thus no individual choice to proceed pro se for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others.
>
> It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.

*Cheung*, 906 F.2d at 61. The Court agrees with those across the country that a parent may not proceed pro se on behalf of a minor child, and must be careful to guard the rights of minors unable to do so on their own. In cases where minor children have been named parties from the outset of the litigation, other Courts within the Fourth Circuit have been hesitant to dismiss their claims when dismissal would prejudice the child. *See Gallo,* 331 F. Supp. 2d at 448 (ordering parent to retain counsel where dismissal would result in child's claim being barred by

the statute of limitations); *Brown*, 868 F. Supp at 172 (appointing counsel to represent child's interest in a case involving complex, technical issues). None of those concerns are present in this case. Plaintiff's child has never properly been made a party to this case. The issues presented by the case are not complex. To the contrary, they are straightforward and, as explained below, have already been resolved against the plaintiff in prior litigation before this Court. Last, West Virginia Code §55-2-15 tolls the statute of limitations with regard to any claims that Plaintiff's child might have, such that they are not at risk of becoming time-barred as a result of this Court's ruling. *Wilson v. Garcia*, 471 U.S. 261(1985) (state statute of limitations for personal injury claims applies to claims brought under 42 U.S.C. §1983); *Cobb v. Nizami*, 851 F.2d 730 (4th Cir. 1988) (applying West Virginia tolling provision to claim brought under 42 U.S.C. §1983). Because the Plaintiff has no right to represent his child's claims pro se, and because it is the surest method of protecting any claims that Plaintiff's son may have, Defendant's Motions to Amend, Join, and Consolidate are **DENIED**.

**Plaintiff's Claims Against Defendant Howard and the Cabell County Commission**

Defendants have moved to dismiss Plaintiffs' claims under the doctrine of collateral estoppel. Also known as issue preclusion, collateral estoppel "forecloses the relitigation of issues that were actually litigated in an earlier suit even though the causes of action [in the former and subsequent proceedings] are different." *State ex rel. McGraw v. Johnson & Johnson*, 704 S.E.2d 677, 689 (W. Va. 2010) (quoting *Peters v. Rivers Edge Mining, Inc.*, 680 S.E.2d 791, 808 (W. Va. 2009)(internal citations omitted). Collateral estoppel serves to bar the relitigation of an issue and gives preclusive effect to a prior decision if:

> (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the

> party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Id*. In his 2011 complaint, Plaintiff alleges that Defendant Howard, the Prosecutor, "negligently charged Plaintiff with recidivism" and that therefore "the County Commission of Cabell County, through the negligent acts of the employee, deprived Plaintiff of (over five years) his right to be free from false imprisonment." *Compl*. 4, ECF No. 1-1. In his 2006 lawsuit, Plaintiff claimed that Ms. Howard, then Ms. Divita, violated his rights under the U.S. Constitution with "reckless disregard" and sought to hold the Cabell County Commissioners personally liable for the actions of Ms. Howard for their role in "permitting the funds to officials in their pursuit against [Plaintiff]. . ." *Talbert I*, *Compl*. 11, ECF No. 2. Whether Ms. Howard may have acted recklessly or negligently is immaterial as the issues in both cases, prosecutorial immunity and respondeat superior, are identical.

Although the Court's Opinion and Order dismissing Plaintiff's claims in *Talbert I* did not make reference to Fed. R. Civ. P. 12(b)(6), it was in fact a dismissal for failure to state a claim upon which relief can be granted. Additionally, Fed. R. Civ. P. 41(b) provides that any dismissal, except for lack of jurisdiction, improper venue, or improper joinder, serves as an adjudication on the merits. Lastly, collateral estoppel is being asserted against Mr. Talbert, the plaintiff in both actions. The parties in both actions are identical and Plaintiff had a full and fair opportunity to litigate this issue in the prior action. Having found that all the elements of collateral estoppel are satisfied, Plaintiff is barred from relitigating the issue of Ms. Howard's immunity and the liability of the Cabell County Commission.

In response to Defendants' Motion to Dismiss, Plaintiff has attempted to assert a cause of action arising under the West Virginia Governmental Tort Claims Act rather than 42 U.S.C. §1983. Although the claim is not properly pleaded, Defendants raise the doctrine of res judicata as a bar to any claim under this statute. Res judicata, also known as claim preclusion, "preclude[s] the expense and vexation attending relitigation of causes of action which have been fully and fairly decided." *Myers v. West Virginia Consol. Pub. Ret. Bd.,* 704 S.E.2d 738, Syl. Pt. 6 (W. Va. 2010). Res judicata applies when three elements are satisfied:

> First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

*Id*. at 752-53. For purposes of res judicata, West Virginia has adopted a "same evidence" test for determining whether two claims should be deemed to be the same for purposes of preclusion. *Slider v. State Farm Mut. Auto. Ins. Co.*, 557 S.E.2d 883, 888 (W. Va. 2001). Under this test, the Court looks to "whether the same evidence would support both actions or issues. . ." *Id*. (*citing White v. SWCC*, 262 S.E.2d 752, 756 (W. Va. 1980). Having already resolved the first two elements in the discussion of collateral estoppel, only the third need be discussed here. Because presentation of Plaintiff's claim under the West Virginia Governmental Tort Claims Act would involve identical presentation of evidence, any such claim is barred by res judicata.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motions to Amend, Join, and Consolidate (ECF Nos. 17, 18, 19, 20, 23) are **DENIED**. Having concluded that all of Plaintiff's claims are

barred by either collateral estoppel or res judicata, Plaintiff's claims are **DISMISSED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:       January 3, 2012

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE